

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:19cr72

CURTIS ROGER SCRIVEN, JR.,

Defendant.

## OPINION

This matter comes before the court on the Defendant's Motion to Suppress ("Motion"), filed on August 20, 2019. ECF No. 14. The United States filed a Response in Opposition to the Motion on September 3, 2019. ECF No. 16. The Defendant filed a Reply in support of the Motion on September 9, 2019. ECF No. 17.

The court held a hearing on the Motion on October 2, 2019. The court heard testimony from Officers Kevin Hall and Lonee Fitzer of the Newport News Police Department. The court reviewed several exhibits, including the video footage with sound from Officer Hall's Axon body camera. The court then heard further argument on the Defendant's Motion. The court ruled from the bench and denied the Motion. For the reasons below and stated from the bench, the court **DENIES** the Defendant's Motion.[1]

---

[1] The court reserved the option to issue a written opinion at a later date memorializing its ruling.

I.

Based upon consideration of the video evidence and testimony that the United States presented at the hearing, which the court finds credible, the court makes the following findings of fact. On November 11, 2018, at approximately 6:30 A.M., Officer Kevin Hall,[2] who was on routine patrol towards the end of his shift and was driving near Lee's Mill Road and Charles Street in the city of Newport News, noticed a car that appeared to be disabled on the opposite of the road. The car was pulled into a mostly grassy area. Officer Hall stopped to render aid to the vehicle. The Defendant was standing outside the driver's side door of the vehicle, but leaning into the vehicle through the window so that his head and shoulders were inside the vehicle. A female passenger was in the front seat of the car. As Officer Hall approached the Defendant, he asked him "everything alright" and "what's going on." The Defendant was unable to respond coherently. The Defendant was also acting nervously and evasively. He repeatedly put his hands into his coat pockets, despite multiple requests not to do so, and could not clearly answer the officer's basic questions.

---

[2] Before becoming a Newport News police officer, Officer Hall's prior experience included serving in the United States Air Force for twenty (20) years. While in the Air Force, he worked in the Security Forces, including as an investigator for two (2) years, and in the Office of Special Investigations. While in the Office of Special Investigations, he worked with a drug enforcement team.

2

Officer Hall started approaching the Defendant, who was outside on the driver's side of the vehicle. As he approached, Officer Hall saw a firearm in plain view near the vehicle's center console.[3] Because of the presence of the firearm, the Defendant's evasive behavior, including moving his hands in and out of his pockets, the Defendant's position near the driver's side open window, and the passenger remaining in the car, Officer Hall directed the Defendant to place his hands on the back of the car so that Officer Hall could safely retrieve the firearm. As he retrieved the firearm, Officer Hall detected an overwhelming odor of marijuana from inside the car. Shortly after, Officer Hall could smell the odor of marijuana emanating from the Defendant. When Officer Hall asked the Defendant when the last time was that he smoked marijuana, the Defendant replied, "a second ago." Officer Hall subsequently conducted a search of the car and the Defendant.

---

[3] The fact that the Defendant was not a prohibited person and could legally have a firearm is not relevant or dispositive to the issue here of the constitutionality of the Terry stop and the subsequent arrest of the Defendant and search of his person and vehicle. The after-the-fact knowledge of the Defendant's status does not affect the legality of Officer Hall's actions at the time on the scene. See Devenpeck v. Alford, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.") (emphasis added); United States v. White, 61 F. App'x 832, 834 (4th Cir. 2003) (unpublished) ("In evaluating police conduct in a Terry stop, courts must consider the totality of the circumstances known to the officer at the time of the stop.") (emphasis added).

II.

Under Terry v. Ohio, an officer may perform an investigatory stop if the officer "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." 392 U.S. 1, 30 (1968) (emphasis added). The central issues raised in the Motion are whether an investigatory stop of the Defendant under Terry, followed by the search of the Defendant and the search of the Defendant's vehicle, violated the Fourth Amendment. The Defendant argues that each did.[4] The Defendant contends that Officer Hall executed a Terry stop, without reasonable suspicion to do so, when he directed the Defendant to move to the back of the vehicle and place his hands on the vehicle. Mot. to Suppress at 4-8; Reply at 2-5. The Defendant also argues that the subsequent searches of his person and the vehicle violated the Fourth Amendment because law enforcement did not have probable cause to arrest him or search the vehicle. Mot. to Suppress at 8-10; Reply at 6-8.

The United States argues that the Terry stop of the Defendant at the back of the vehicle and the subsequent searches were lawful. The United States asserts that Officer Hall had reasonable suspicion for the Terry stop of the Defendant because, among other

---

[4] The Defendant does not assert that Officer Hall's initial stop to render aid to the Defendant and his vehicle constituted a Terry stop. See infra Part III.

4

things, the Defendant was evasive and nonresponsive, there was a firearm in plain view inside the vehicle, and a passenger remained inside the vehicle. Resp. at 6-9. The United States argues that the subsequent searches of the Defendant and the vehicle were supported by probable cause because Officer Hall could smell marijuana emanating from the Defendant and the vehicle, and the Defendant admitted to recently using marijuana. Id. at 9-13.

III.

Officer Hall came to the scene to assist a disabled vehicle. At that juncture there was no Terry stop involved, and the Defendant does not so contend. Here, the Defendant was stopped under Terry when Officer Hall directed him to place his hands on the back of the vehicle, while Officer Hall retrieved the firearm he had observed. The stop was lawful under Terry. There were "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed] that intrusion." Terry, 392 U.S. at 21. In particular, the Defendant acted evasively and nervously, did not clearly respond to basic questions and directions to keep his hands out of his pockets, was already standing outside the car with the car window open, and was in close proximity to a firearm near the console between the front seats. Also, a passenger remained in the front seat of the vehicle near the firearm. In light of these facts, Officer Hall was justified in directing the Defendant to move to the back of the

5

vehicle, away from the firearm, and to place his hands on the back of the vehicle, so that Officer Hall could safely retrieve the firearm. See, e.g., United States v. Singleton, 360 F. App'x 444, 445-46 (4th Cir. 2010) (unpublished) (holding officers had reasonable suspicion, in part, because defendant possessed an unconcealed firearm and acted evasively).

Officer Hall's subsequent search of the Defendant and the vehicle also did not violate Terry or the Fourth Amendment. The Terry stop was appropriate under the circumstances and facts set forth above. Then, given the strong odor of marijuana in the vehicle and the Defendant's admission of recent use, the subsequent search of the vehicle and the Defendant, and the seizure of the drugs and the additional gun on the Defendant's person, were legal and constitutional.

Possessing marijuana is a crime in Virginia, Va. Code Ann. § 18.2-250.1 (2019), and the strong odor of marijuana can support probable cause to search an individual or a vehicle. See United States v. Humphries, 372 F.3d 653, 658-60 (4th Cir. 2004) (citing cases). Officer Hall detected a strong odor of marijuana in the car and emanating from the Defendant. The Defendant also admitted to smoking marijuana "a second ago." Officer Hall thus had probable cause to search the car and the Defendant, and to place the Defendant under arrest. See id.

The Clerk is **DIRECTED** to forward a copy of this Opinion to counsel for the Defendant and the United States Attorney.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

Rebecca Beach Smith
Senior United States District Judge

October 23, 2019